

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Farabee, Chairman
State Affairs Committee
Texas State Senate
Room 411, State Archives Building
Austin, Texas    78711

Opinion No. MW-567

Re:    Construction of article III, section 49-b of the Texas Constitution

Dear Senator Farabee:

Article III, section 49-b of the Texas Constitution establishes the Veterans Land Fund.  See also Nat. Res. Code §§161.171, et seq. This fund, which is administered by the Veterans Land Board, is used to purchase tracts of land which are then sold to veterans who meet certain prescribed criteria.

In 1977, Texas voters approved various amendments to article III, section 49-b, including the following:

> The unmarried surviving spouses of veterans who died in the line of duty may also apply to purchase a tract through the Board provided the deceased veterans meet the requirements set out in this Article....  (Emphasis added).

Your inquiry concerns this provision.  Specifically, you ask whether the unmarried surviving spouse of a veteran who received an honorable discharge from the Marine Corps in 1960 and died of a service-connected disability in 1973 is eligible to apply to purchase a tract of land.  We understand that the Veterans Administration has in fact determined that the injury which led to this particular veteran's death was service-connected.  We further understand that at the time of his death, this veteran was eligible to participate in the Veterans Land Program but had never chosen to do so.

The answer to your question necessarily turns on the meaning of the phrase "died in the line of duty."  The surviving spouse about whom you are concerned is eligible to apply to purchase the aforementioned land only if the scope of this phrase is broad enough to include a veteran whose death resulted from a service-connected injury but occurred thirteen years after he was discharged from the service.  See Tex. Const. art. III, §49-b (definition of "veteran").

This phrase is not defined in article III, section 49-b or in the statutes governing the Veterans Land Board. See Nat. Res. Code §§161.001, et seq. Similarly, neither the bill analysis of S.J.R. No. 13, which proposed the 1977 amendments to article III, section 49-b, nor the federal statutes governing the Veterans Administration, see 38 U.S.C. sections 101, et seq., shed any light on its meaning. Compare 38 U.S.C. §105 (standards for determining whether injury or disease is incurred "in the line of duty"). Thus, the question must be: what was the intent of the legislature in proposing this amendment and of the voters in approving it?

At first glance, the phrase "died in the line of duty" would appear to embrace only those veterans who actually died while in active service. We cannot, however, imagine any reason why those who proposed and approved this amendment would have wanted it to be construed so rigidly. Nor can we conceive of any sound policy arguments in favor of such a construction. On the contrary, we believe that it is far more likely that those who sponsored and ratified the amendment intended the opposite construction. If an otherwise eligible veteran sustained an injury while in the line of duty and died soon thereafter, while still in active service, his spouse would be eligible to apply to purchase a tract of land. We see no reason why she should be disqualified simply because her spouse had the misfortune not to die until later, after being discharged from the service. The fact that her spouse's death occurred after a lengthy period of time should not, in our opinion, be dispositive of her eligibility under this provision.

We therefore conclude that the spouse about whom you inquired is not automatically disqualified from applying for a tract of land under article III, section 49-b. Whether she is in fact eligible to purchase the land under all other applicable criteria is, of course, beyond the scope of this opinion.

### S U M M A R Y

The phrase "veterans who died in the line of duty" in article III, section 49-b of the Texas Constitution may embrace an individual whose death resulted from a service-connected injury but did not actually occur prior to discharge from active service.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible